IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 22-10968 |
| | * | |
| JASON C. ADAMS | * | CHAPTER 7 |
| | * | |
| DEBTOR | * | |
| | * | SECTION "A" |
| * * * * * * * * * * * * * * * * * * | * * * * * * * * * * * * * * * | |
| WILBUR J. "BILL" BABIN, JR., CHAPTER 7 TRUSTEE | * * * | |
| | * | |
| PLAINTIFF | * | |
| | * | ADV. CASE NO. 24-_____ |
| VERSUS | * | |
| | * | |
| WILLIAM R. THOMPSON III AND DALE D. THOMPSON | * * * | |
| | * | |
| DEFENDANT | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

**COMPLAINT TO AVOID TRANSFER**

**NOW INTO COURT**, through undersigned counsel, comes Wilbur J. "Bill" Babin, Jr., Chapter 7 Trustee (hereinafter referred to as "Trustee"), who files this Complaint and respectfully shows as follows:

**Parties, Jurisdiction, and Venue**

1. Plaintiff, Wilbur J. "Bill" Babin, Jr., Chapter 7 Trustee, is the duly appointed Chapter 7 Trustee of the Bankruptcy Case captioned, *In re: Jason C. Adams,* United States Bankruptcy Court Eastern District of Louisiana, Case No. 22-10968 ("Bankruptcy Case").

2. Defendant, William R. Thompson, III ("Mr. Thompson"), is an adult domiciled in Jefferson Parish, State of Louisiana.

3. Defendant, Dale D. Thompson ("Mrs. Thompson"), is an adult domiciled in Jefferson Parish, State of Louisiana.

4. Mr. Thomspon and Mrs. Thompson are collectively referred to herein as the "Defendants".

5. This Bankruptcy Court has subject matter jurisdiction pursuant to 28 U.S.C. §§157 and 1334(b).

6. This adversary proceeding arises under Title 11 and Venue is proper in this Court pursuant to 28 U.S.C. §1408 and 1409(a).

7. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (H), and (O).

**Procedural Background Concerning the Bankruptcy Case**

8. Jason C. Adams ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on August 26, 2022 (the "Petition Date") **[Case No. 22-10968, P-1]**.

**Factual Allegations and Claims**

9. The Debtor and his non-debtor spouse, Melissa Adams ("Mrs. Adams"), were married on September 9, 2009, and reside in Louisiana.

10. At all times, the matrimonial regime that governed the Debtor and Mrs. Adams' was the legal regime of community of acquets and gains.

11. On December 3, 2015, Mrs. Adams purchased the immovable property located at 4611 Cleary Ave., Metairie, LA 70002 (the "Family Home") for the price and sum of $698,526. Attached as **Exhibit A** is copy of the December 3, 2015 Cash Sale ("2015 Cash Sale").

12. In the 2015 Cash Sale, Mrs. Adams declared, "… that this property is being purchased as her separate property and, purchased with her separate funds kept under her own administration and control."

13. The Debtor did not sign the 2015 Cash Sale or otherwise appear in the 2015 Cash Sale.

14. Despite the statement that the Family Home was purchased with the separate funds of Mrs. Adams, Mrs. Adams has been unable to produce any evidence that suggests she was able to pay the $698,526 purchase price with her separate funds.

15. Mrs. Adams testified in her Rule 2004 examination conducted on December 12, 2023, that she borrowed the funds to purchase the Family Home.

16. Upon information and belief, Mrs. Adams had no separate funds in December 2015 to purchase the Family Home and did not use her separate funds to purchase the Family Home.

17. Upon information and belief, the loan obtained by Mrs. Adams to purchase the Family Home in December 2015 was a community obligation made during the community. Alternatively, upon information and belief, the loan was arranged by and obtained by the Debtor and the loan was a community obligation.

18. On February 2, 2016, the Debtor filed a *Petition for Divorce* in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Case No. 757-522. The Divorce Proceeding was abandoned when the Debtor and Mrs. Adams reconciled, and no judgment of divorce was rendered. Further, the community property regime was never terminated.

19. On May 4, 2016, the Debtor was driving a vehicle in New Orleans that crashed and killed the passenger, Kristi Lirette. The family of Kristi Lirette filed suit on May 27, 2016 and ultimately obtained a judgment in the amount of $51,000,000 against the Debtor on February 27, 2023. *See* Proof of Claim No. 10.

20. On or about December 2016, the Debtor and Mrs. Adams reconciled and the Debtor moved into the Family Home with Mrs. Adams.

21. From December 2016 to present, the Debtor and Mrs. Adams have resided in the Family Home as their family home.

22. On September 2, 2020, Mrs. Adams purported to sell, in part, and gift, in part, the Family Home, which was community property, to her parents, the Defendants. Attached as **Exhibit B** is the Act of Sale of Family Home dated September 2, 2020 ("2020 Transfer").

23. The purported sales price indicated in the 2020 Transfer was $675,000. However, the Closing Disclosure, attached hereto as **Exhibit C**, indicates that $165,000 of the sale price was a "Gift of Equity" and the Defendants did not pay $675,000 for the Family Home.

24. The Debtor did not sign the 2020 Transfer and no one signed the 2020 Transfer on behalf of the Debtor.

25. The Debtor and Mrs. Adams continued to reside in the Family Home as their family home after the 2020 Transfer.

26. The Debtor and Mrs. Adams received less than a reasonably equivalent value in exchange for the transfer of the Family Home to the Defendants.

27. The Debtor and Melissa Adams were insolvent when the 2020 Transfer was executed on September 2, 2020.

28. The 2020 Transfer caused or increased the insolvency of the Debtor and Mrs. Adams.

29. The Debtor and Mrs. Adams' total liabilities exceeded the total of their fairly appraised assets on September 2, 2020.

## CLAIM FOR RELIEF No. 1

### (Property of the Bankruptcy Estate under 11 U.S.C. §541)

30. Trustee repeats, re-alleges, and incorporates by reference paragraphs 1 – 29 of this Complaint.

31. The presumption is that the Family Home is community property because it was acquired during the marriage. La. C.C. Art. 2340.

32. Mrs. Adams did not use separate property to purchase the Family Home, which was the family home once she and the Debtor reconciled and is currently the family home.

33. La. C.C. Art. 2341 describes the type of property that is the separate property of a spouse and the Family Home does not meet any of the requirements to be the separate property of Mrs. Adams.

34. La. C.C. Art. 2347 requires the concurrence of both spouses for the alienation of community immovables.

35. The Family Home was a community immovable and the Debtor did not concur in the sale. Thus, the 2020 Transfer of the Family Home to the Defendants is null and void.

36. Since the 2020 Transfer is null and void, pursuant to section 541 of the Bankruptcy Code, the Family Home is currently property of the Bankruptcy Estate and can be administered by the Trustee.

37. The Trustee seeks a judgment declaring that the 2020 Transfer is null and void and that the Trustee can administer the Family Home as property of the Bankruptcy Estate.

**CLAIM FOR RELIEF No. 2**
**(11 U.S.C. §548(a)(1)(B))**

38. Trustee repeats, re-alleges, and incorporates by reference paragraphs 1 – 37 of this Complaint.

39. The Debtor had an interest in the Family Home when it was transferred to the Defendants.

40. The Family Home was transferred within two years of the Debtor filing bankruptcy.

41. The Debtor and Mrs. Adams received less than a reasonably equivalent value in exchange for the transfer of the Family Home to the Defendants.

42. The Trustee may avoid the 2020 Transfer of the Family Home from Mrs. Adams to the Defendants pursuant to 11 U.S.C. §548(a)(1)(B).

**CLAIM FOR RELIEF No. 3**
**(11 U.S.C. §548(a)(1)(A))**

43. Trustee repeats, re-alleges, and incorporates by reference paragraphs 1 – 42 of this Complaint.

44. In the alternative, the Trustee may avoid the 2020 Transfer of the Family Home from the Debtor to the Defendants pursuant to 11 U.S.C. §548(a)(1)(A).

45. The Family Home was transferred to Mrs. Adams' parents after the Lirette family filed suit against the Debtor, but prior to the Lirette family obtaining a Judgment against the Debtor.

46. The Debtor and Mrs. Adams continued to live in the Family Home after the transfer of the Family Home to the Defendants.

47. The Debtor and Mrs. Adams do not pay rent to live in the Family Home.

48. The Debtor and Mrs. Adams transferred the Family Home to the Defendants with actual intent to hinder, delay, or defraud creditors, including the Lirette family, to which the Debtor was indebted.

### CLAIM FOR RELIEF No. 4
### (11 U.S.C. §544(b)(1) and La. C.C. Art. 2036 *et seq.*)

49. Trustee repeats, re-alleges, and incorporates by reference paragraphs 1 – 48 of this Complaint.

50. When the Debtor filed bankruptcy, unsecured creditors held the right to avoid the 2020 Transfer under applicable law (the revocatory action under La. C.C. Art. 2036 *et seq.*). Thus, the Trustee may avoid the 2020 Transfer of the Family Home, which is voidable under La. C.C. Art. 2036 *et seq.*, pursuant to 11 U.S.C. §544(b)(1).

### CLAIM FOR RELIEF No. 5
### (11 U.S.C. §550(a))

51. Trustee repeats, re-alleges, and incorporates by reference paragraphs 1 – 50 of this Complaint.

52. In accordance with 11 U.S.C. §550(a), to the extent that the Court determines the 2020 Transfer of the Family Home is voidable under Section 544 or 548 of the Bankruptcy Code, the Trustee may recover, for the benefit of the estate, the Family Home or the value of the Family Home from the Defendants.

53. The Defendants are the initial transferee(s) of the 2020 Transfer.

54. Upon information and belief, the Defendants were not in good faith and are not eligible to benefit from the lien provided by Section 548(c) of the Bankruptcy Code.

## RESERVATION TO AMEND

55. Trustee expressly reserves all rights to amend this Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Rule 7015 of the Federal Rules of Bankruptcy Procedure, to include additional transfers, including but not limited to, Defendants that the Trustee may discover during the course of this adversary proceeding.

**WHEREFORE**, the Trustee prays that summons be issued to the Defendants to appear and answer, and that the Judgment be rendered in favor of Trustee stating:

(a) The Family Home is community property in which the Debtor had an interest;

(b) The 2020 Transfer, attached hereto as **Exhibit A**, is null and void;

(c) That the Family Home is property of the Bankruptcy Estate that can be administered by the Trustee;

(d) Alternatively, that the 2020 Transfer is avoided pursuant to 11 U.S.C. §544 and/or §548;

(e) The Trustee may recover, for the benefit of the estate, the Family Home from the Defendants and administer the Family Home as property of the Bankruptcy Estate, or the Trustee may recover the value of the Family Home from the Defendants and administer the value of the Family Home as property of the Bankruptcy Estate; and

(f) For Trustee's costs and all other just and equitable relief.

Respectfully submitted

THE DERBES LAW FIRM, LLC

*/s/ Frederick L. Bunol*
FREDERICK L. BUNOL (29111)
MCKENNA D. DORAIS (40756)
The Derbes Law Firm, L.L.C.
3027 Ridgelake Drive
Metairie, LA 70002
Phone: (504) 837-1230
Facsimile: (504) 832-0327
Email: fbunol@derbeslaw.com
***Attorneys for Wilbur J. "Bill" Babin, Jr., Chapter 7 Trustee***

**Please Issue Summons to:**

William R. Thompson III
4412 Kawanee Ave
Metairie, La 70002

Dale D. Thompson
4412 Kawanee Ave
Metairie, La 70002