## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 22-10968 |
| | * | |
| JASON C. ADAMS | * | CHAPTER 7 |
| | * | |
| DEBTOR | * | |
| | * | SECTION "A" |
| * * * * * * * * * * * * * * * * * * * | * * * * * * * * * * * * * * * * | |
| WILBUR J. "BILL" BABIN, JR., | * | |
| CHAPTER 7 TRUSTEE | * | |
| | * | |
| PLAINTIFF | * | |
| | * | ADV. CASE NO. 24-_____ |
| VERSUS | * | |
| | * | |
| JAMES PAUL ADAMS, JR. AND | * | |
| LYDIA GIANCONTIERI ADAMS | * | |
| | * | |
| DEFENDANT | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

## COMPLAINT TO AVOID DONATION

**NOW INTO COURT**, through undersigned counsel, comes Wilbur J. "Bill" Babin, Jr.,

Chapter 7 Trustee (hereinafter referred to as "Trustee"), who files this Complaint and

respectfully shows as follows:

### Parties, Jurisdiction, and Venue

1.      Plaintiff, Wilbur J. "Bill" Babin, Jr., Chapter 7 Trustee, is the duly appointed

Chapter 7 Trustee of the Bankruptcy Case captioned, *In re: Jason C. Adams,* United States

Bankruptcy Court Eastern District of Louisiana, Case No. 22-10968 ("Bankruptcy Case").

2.      Defendant, James Paul Adams, Jr. ("James Adams"), is an adult domiciled in

Jefferson Parish, State of Louisiana.

3.      Defendant, Lydia Giancontieri Adams ("Lydia Adams"), is an adult domiciled in Jefferson Parish, State of Louisiana.

4.      James Adams and Lydia Adams, are collectively referred to herein as the "Defendants".

5.      This Bankruptcy Court has subject matter jurisdiction pursuant to 28 U.S.C. §§157 and 1334(b).

6.      This adversary proceeding arises under Title 11 and Venue is proper in this Court pursuant to 28 U.S.C. §1408 and 1409(a).

7.      This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (H), and (O).

**Procedural Background Concerning the Revocatory Action filed in State Court**

8.      On March 5, 2022, First Bank and Trust ("FBT") filed a Petition in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana naming, the Debtor, Melissa Thompson Adams, James Adams, and Lydia Adams as Defendants.  The state court proceeding is captioned *First Bank and Trust v. Jason C. Adams; Melissa Thompson Adams; James Paul Adams, Jr.; and Lydia Giancontieri Adams*, 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Case No. 825-815, Division M ("State Court Lawsuit").

9.      FBT was, at the time of filing the Petition, and still is, a creditor of the Debtor and his non debtor spouse, Melissa Thompson Adams ("Melissa Adams").

10.     The State Court Lawsuit sought to revoke the Donation Inter Vivos ("Donation") of the immovable property bearing municipal address 3712 Lake Villa Drive, Metairie,

Louisiana 70002 ("Property") from the Debtor and Melissa Adams to James Adams and Lydia Adams.

11. The Donation occurred on March 8, 2019 and the State Court Lawsuit was filed on March 5, 2022. Further, the State Court Lawsuit was filed within one year of FBT learning of the Donation.

12. The State Court Lawsuit was stayed when the Debtor filed bankruptcy on August 26, 2022.

**Procedural Background Concerning the Bankruptcy Case**

13. Jason C. Adams ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on August 26, 2022 (the "Petition Date") **[Case No. 22-10968, P-1]**.

**Factual Allegations and Claims**

14. On May 4, 2016, the Debtor was driving a vehicle in New Orleans that crashed and killed the passenger, Kristi Lirette. The family of Kristi Lirette filed suit on May 27, 2016 and ultimately obtained a judgment in the amount of $51,000,000 against the Debtor on February 27, 2023. *See* Proof of Claim No. 10.

15. The Debtor and his non-debtor spouse, Melissa Adams, donated the Property to the Debtor's parents, Lydia Adams and James Adams, on March 8, 2019. Attached as **Exhibit A** is a copy of the Donation Inter Vivos.

16. Upon information and belief, Lydia Adams and James Adams did not transfer anything of value to the Debtor or Melissa Adams in exchange for the Property and the Donation was purely a gift.

17.     The Debtor and Melissa Adams received less than reasonably equivalent value in exchange for the transfer of the Property to the Defendants.

18.     The Debtor and Melissa Adams were insolvent when the Donation was executed on March 8, 2019.

19.     The Donation caused or increased the insolvency of the Debtor and Melissa Adams.

20.     The Debtor and Melissa Adams' total liabilities exceeded the total of their fairly appraised assets on March 8, 2019.

**CLAIM FOR RELIEF No. 1**
**(11 U.S.C. §544(b)(1) and La. C.C. Art. 2036 *et seq.*)**

21.     Trustee repeats, re-alleges, and incorporates by reference paragraphs 1 – 20 of this Complaint.

22.     When the Debtor filed bankruptcy, FBT was an unsecured creditor that held the right to avoid the Donation under applicable law (the revocatory action under La. C.C. Art. 2036 *et seq.*). Thus, the Trustee may avoid the Donation of the Property, which is voidable under La. C.C. Art. 2036 *et seq.*, pursuant to 11 U.S.C. §544(b)(1).

**CLAIM FOR RELIEF No. 2**
**(11 U.S.C. §550(a))**

23.     Trustee repeats, re-alleges, and incorporates by reference paragraphs 1 – 22 of this Complaint.

24.     In accordance with 11 U.S.C. §550(a), to the extent that the Court determines the Donation of the Property is voidable under Section 544 of the Bankruptcy Code, the Trustee

may recover, for the benefit of the estate, the Property or the value of the Property from the Defendants.

25.     The Defendants are the initial transferee(s) of the Donation.

## RESERVATION TO AMEND

26.     Trustee expressly reserves all rights to amend this Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Rule 7015 of the Federal Rules of Bankruptcy Procedure, to include additional transfers, including but not limited to, Defendants that the Trustee may discover during the course of this adversary proceeding.

**WHEREFORE**, the Trustee prays that summons be issued to the Defendants to appear and answer, and that the Judgment be rendered in favor of Trustee stating:

(a)     The Donation, attached hereto as **Exhibit A**, from the Debtor to the Defendants is avoided pursuant to 11 U.S.C. §544;

(b)     The Trustee may recover, for the benefit of the estate, the Property from the Defendants and administer the Property as property of the Bankruptcy Estate, or the Trustee may recover the value of the Property from the Defendants; and

(c)     For Trustee's costs and all other just and equitable relief.

Respectfully submitted

THE DERBES LAW FIRM, LLC

*/s/ Frederick L. Bunol*
FREDERICK L. BUNOL (29111)
MCKENNA D. DORAIS (40756)
The Derbes Law Firm, L.L.C.
3027 Ridgelake Drive
Metairie, LA 70002

Phone: (504) 837-1230
Facsimile: (504) 832-0327
Email: fbunol@derbeslaw.com
***Attorneys for Wilbur J. "Bill" Babin, Jr., Chapter 7 Trustee***

**Please Issue Summons to:**
Lydia Giancontieri Adams
3712 Lake Villa Drive
Metairie, LA 70002

James Paul Adams, Jr.
3712 Lake Villa Drive
Metairie, LA 70002